# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA
## PHOENIX DIVISION

| | |
|---|---|
| Allen Schrieber, | Case No. |
| Plaintiff, | |
| v. | **COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF** |
| National Credit Adjusters, LLC | |
| Defendant. | **JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff, Allen Schrieber, ("Allen"), is a natural person who resided in Converse, Texas at all times relevant to this action.

2. Defendant, National Credit Adjusters, LLC, ("NCA"), is a debt collector located at 555 W. Chandler Blvd., Suite 102, Chandler, AZ  85225.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because Defendant resides in this District.

## STATEMENT OF FACTS

5. At all times relevant to this action, NCA collected consumer debts.

6. NCA regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

7. The principal source of NCA's revenue is debt collection.

8.  NCA is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9.  As described, *infra*, NCA contacted Allen to collect a debt that was incurred primarily for personal, family, or household purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

11. Allen is a "consumer" as defined by 15 U.S.C. §1692a(3).

12. On or around May 11, 2013, Allen received a letter from NCA in connection with the collection of a debt.

13. In response to this letter, Allen called NCA to dispute the amount of the debt Allen allegedly owed.

14. As a result of Allen calling NCA, NCA obtained Allen's home telephone number.

15. Sometime in May 2013, after Allen called NCA, NCA began calling Allen excessively, as many as five times a day, on his home telephone in connection with the collection of a debt.

16. During one communication in June 2013, Allen requested NCA cease further calls to Allen.

17. Despite this request, NCA continued to call Allen on his home telephone throughout June and July 2013.

18. During one communication, on or around June 22, 2013, Allen again requested NCA cease further calls to Allen.

19. During one communication, on or around June 23, 2013, Allen informed NCA he had retained an attorney and again requested NCA cease further calls to Allen.

20. During this communication, NCA continued to attempt to collect a debt.

21. On or around July 22, 2013, NCA called Allen four times in connection with the collection of a debt.

22. On more than one occasion, NCA threatened Allen with a lawsuit if Allen did not pay the debt.

23. NCA has not filed a lawsuit against Allen.

24. NCA never intended to file a lawsuit against Allen.

25. NCA never intended to file a lawsuit because the debt is not valid since it was originated by Plain Green LLC, a tribal lender that is not registered to lend in Texas.

26. NCA caused Allen severe emotional distress.

27. NCA attempted to collect a debt from Allen.

28. NCA attempted to collect more than the amount legally owed.

29. NCA violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at a time or place known to be inconvenient for Plaintiff.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

32. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

33. Defendant violated 15 U.S.C. §1692c(a)(2) by communicating with Plaintiff notwithstanding knowledge that Plaintiff was represented by an attorney with respect to the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

34. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

35. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

36. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

37. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt by attempting to collect a debt that was not legally owed.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

38. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

39. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## JURY DEMAND

40. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

41. Plaintiff prays for the following relief:

    a.  Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b.  For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Hyslip & Taylor, LLC, LPA  (Pro Hac Vice)


By:____/s/ Jeffrey S. Hyslip_____
     One of Plaintiff's Attorneys


Jeffrey S. Hyslip, Esq.
917 W. 18th St., Suite 200
Chicago, IL  60608
312-380-6110
jeffre@lifetimedebtsolutions.com